# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

—————

**No. 20-1306**            **September Term, 2021**

FILED ON: FEBRUARY 18, 2022

SECURITIES INDUSTRY AND FINANCIAL MARKETS ASSOCIATION,
           PETITIONER

v.

SECURITIES AND EXCHANGE COMMISSION,
           RESPONDENT

—————

On Petition for Review of an Order
of the Securities and Exchange Commission

—————

Before: TATEL, RAO and WALKER, *Circuit Judges*.

## J U D G M E N T

We heard this petition for review on the record from the Securities and Exchange Commission and the parties' briefs and arguments. We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d).

We dismiss the Securities Industry and Financial Markets Association's petition for review.

\*     \*     \*

Broker-dealers buy and sell securities for clients (brokers) and on their own behalf (dealers). 15 U.S.C. §§ 78c(a)(4)(A), (a)(5)(A). To practice their trade, they must register with the SEC. 15 U.S.C. § 78o(a)(1).

Municipal advisors provide cities with guidance on financial products and the issuance of municipal securities (like bonds). 15 U.S.C. § 78o-4(e)(4). Unlike broker-dealers, they cannot solicit investors. *See id.* § 78o-4(a). But they can help cities secure direct loans from banks, and some of those loans look a lot like a security. *See* 84 Fed. Reg. 54062, 54063 n.15 (Oct. 9, 2019). That similarity creates uncertainty about just how much municipal advisors can do for their clients.

In June 2020, the COVID-19 pandemic was only a few months old. It seemed poised to decimate cities' budgets. And the SEC feared that some cities' access to needed funds would be

undermined by uncertainty about what municipal advisors are allowed do. So the SEC announced that until the end of 2020, municipal advisors who solicited direct investments from banks and credit unions were exempt from broker-dealer registration requirements.

In August 2020, the Securities Industry and Financial Markets Association petitioned for review of that 2020 Order and asked us to vacate it. But between then and now, at the end of 2020, the Order expired as planned. That expiration provided the Association with the relief it sought.

The Association argues that two exceptions to the normal rules of mootness allow us to opine on the Order's legality.

First, the Association points to the voluntary-cessation doctrine. "That concept governs the case in which the defendant actor is not committing the controversial conduct at the moment of the litigation, but the defendant is free to return to its old ways — thereby subjecting the plaintiff to the same harm but, at the same time, avoiding judicial review." *True the Vote, Inc. v. IRS*, 831 F.3d 551, 561 (D.C. Cir. 2016) (cleaned up). But that doctrine does not apply here, where the SEC set the Order's expiration date before the Association petitioned for review. "[N]on-reenactment of a one-time condition that expired of its own terms cannot be viewed as cessation of conduct." *Clarke v. United States*, 915 F.2d 699, 705 (D.C. Cir. 1990).

Second, the Association relies on the capable-of-repetition-yet-evading-review doctrine. That exception to mootness applies to repeatable conduct that "is *by its very nature short in duration*, so that it could not, or probably would not, be able to be adjudicated while fully live." *Pharmachemie B.V. v. Barr Lab'ys, Inc.*, 276 F.3d 627, 633 (D.C. Cir. 2002) (cleaned up). But here, the Association has not offered any evidence that short durations are "typical of" exemptions from registration requirements for broker-dealers. *See Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009). It has not pointed to a pattern of short time periods for similar orders. And it has not argued that the statute puts time limits on such orders.

In short, the voluntary-cessation exception to mootness does not apply because the SEC set the Order's expiration date before the Association petitioned for review. And the capable-of-repetition-yet-evading-review exception does not apply because the Order was not "by its very nature short in duration." *Pharmachemie B.V.*, 276 F.3d at 633 (cleaned up).

We dismiss the petition for review as moot.

\* \* \*

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

2

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk